IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN KEAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:25-cv-00210 |
| | ) | Judge Stephanie Haines |
| | ) | |
| LOVE'S TRAVEL STOPS & | ) | |
| COUNTRY STORES, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Presently before the Court is Defendant Love's Travel Stops & Country Stores, Inc.'s Motion to Compel Arbitration and Stay Proceedings, (ECF No. 6), with Brief in Support. (ECF No. 7). Plaintiff Kevin Kear disputes that he signed the Arbitration Agreement and has filed Response in Opposition to the Motion to Compel, (ECF No. 12), and a Brief in Support. (ECF No. 13). Defendant has filed a Motion for Leave to File a Reply Brief, (ECF No. 14), with an affidavit from a newly discovered witness not identified in the Motion to Compel Arbitration, to which Plaintiff objects. (ECF No. 15).

### I. BACKGROUND

Plaintiff applied for Love's Operations Manager position on December 13, 2023 and was not hired for that position because of his criminal background. (ECF No. 1 ¶ 18). On or about January 23, 2024, Plaintiff applied for the Customer Service Cashier position at Love's and was hired that same day as a Travel Stop Shift Lead to work at Store No. 829 in Brookville, Pennsylvania. *Id.* ¶ 22. Plaintiff was employed by Defendant for seven months and during his employment his title was "Shift Lead," but he was scheduled and

treated as an Operations Manager. *Id.* ¶¶ 23, 24. On or about July 25, 2024, Plaintiff again applied for the Operations Manager position. *Id.* ¶ 26. On or about July 30, 2024, Defendant fired Plaintiff from the Travel Lead position solely due to his criminal history. *Id.* ¶ 30. Defendant did not fire the female co-workers with similar jobs and recent criminal convictions. *Id.* ¶ 37. Plaintiff brings two causes of action: at Count I, he alleges Defendant discriminated against him due to his gender, a violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000, *et seq.*, *Id.* ¶¶ 53-60; at Count II he alleges Defendant has violated Section 9125 of the Pennsylvania Criminal History Record Information Act ("CHRIA"), *Id.* at ¶¶ 61-67.

## II.     LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, requires the Court to compel arbitration if the parties entered into a valid and enforceable arbitration agreement that covers the instant dispute. *See Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 318 (3d Cir. 2024). In evaluating whether the parties agreed to arbitrate a dispute, we apply traditional principles of state contract law. *See First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 944 (1995) (collecting cases). When the existence and scope of the arbitration agreement are clear on the face of the complaint and the documents relied upon therein, discovery is not required and we evaluate a motion to compel arbitration under Federal Rule of Civil Procedure 12(b)(6). *See Young*, 119 F.4th at 317–18. If, however, the arbitrability of the parties' dispute is not clear from those documents or there is a factual dispute as to whether the plaintiff's claims are arbitrable, then the district court must order discovery and evaluate the motion under Rule 56. *Id.* at 320.

### III.    DISCUSSION

First, at this juncture, the Court concludes that Defendant has not waived its right to arbitrate this dispute. (ECF No. 13 at 11); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 926-27 (3d Cir. 1992). Plaintiff's Complaint was filed July 5, 2025, Defendant has executed its Rule 4 Waiver of Summons and filed the required Corporate Disclosure Statement, and the Motion to Compel Arbitration was filed on September 9, 2025. No discovery has been conducted, and Plaintiff does not meaningfully present evidence of prejudice.

Plaintiff's opposition the Motion to Compel Arbitration is based on the following grounds: he has no record of the Arbitration Agreement or any memory of signing it, the signature contains his full legal name which he generally does not use, and he has not been provided with a copy of the Arbitration Agreement. (ECF No. 13 at 9). Plaintiff asks the Court to deny the Motion to Compel Arbitration or, in the alternative, open discovery regarding the matter and permit a limited trial on the issue. *Id.* at 14-15.

Plaintiff also opposes the Defendant's Motion for Leave to File a Reply Brief, (ECF No. 14), on the grounds it includes an affidavit from a newly-discovered witness, which Defendant should have disclosed in its Motion to Compel, and asks the Court to deny the motion or open discovery to determine if a valid arbitration agreement was formed. (ECF No. 15 at 3). In its proposed Reply, Defendant attaches the affidavit of Defendant's general manager, who attests that during the onboarding process, Plaintiff was provided with a copy of the Arbitration Agreement. (ECF No. 14-1 at 12).

After considering the Complaint, the applicable case law, and the respective positions of the parties, the Court finds that justice requires that the Defendant be permitted

to supplement the record at an appropriate time. Because the evidence is inconclusive on the issue of arbitrability, and Plaintiff contests that he signed the agreement, the Rule 56 standard applies. Accordingly, "discovery is warranted before the Court can resolve Defendant's motion where, as here, the evidence is insufficient for the Court to determine whether there has been a meeting of the minds on the agreement to arbitrate." *Quinn v. Love's Travel Stops & Cnty. Stores, Inc.*, No. 1:24-CV-01856, 2025 WL 2550860, at \*5 (M.D. Pa. Sept. 4, 2025). At this juncture, the appropriate course of action is to deny the Defendant's Motion to Compel Arbitration and direct the parties to engage in limited discovery on the issue of whether the parties agreed to arbitrate. *Young*, 199 F.4th at 320; *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 779 (3d Cir. 2013).

## IV.     CONCLUSION

For the forgoing reasons, the Motion to Compel Arbitration (ECF No. 6) is denied without prejudice and the issue of arbitrability will be decided on a more fulsome record after the parties have engaged in limited discovery. Defendant's Motion for Leave to File a Reply is denied without prejudice to supplement the factual record.

An appropriate Order will be entered.

DATE: March 6, 2026

Stephanie L. Haines
United States District Judge

cc:     All counsel of record via CM/ECF Electronic Notice

4